## Milton Snyder v. William C. Fearer.

1. REAL ESTATE BROKER—*When Entitled to His Commissions.*—Where the seller consummates a sale of property upon different terms than those proposed to his agent, the latter will not thereby be deprived of his right to his commission.

2. SAME—*When the Owner Negotiates the Sale.*—Where the agent introduces a sufficient purchaser to the owner, he will not be deprived of his commissions because the owner negotiates the contract himself, or voluntarily reduces the price of the property.

Assumpsit, for commissions. Appeal from the Circuit Court of Ogle County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

FRANCIS BACON, attorney for appellant.

W. P. FEARER and J. C. SEYSTER, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellee against appellant to recover for services alleged to have been rendered by him to the latter, in relation to the sale of certain real estate known as the Snyder farms consisting of some 240 acres.

The facts in the case, as testified to by appellee, are as follows:

On September 19, 1898, appellant came to appellee, who was in the real estate and brokerage business, and asked him if he could sell his farm. Appellee said he would try, and that he could sell it if the value placed upon it was not too high. Appellant said the land was worth $80 an acre, but that if appellant would get $70 an acre for it he would give him $100. Appellee thereupon made a memorandum of the number of acres and the price and undertook the sale. The next day appellee called William Shafer to his office and told him that he had the Snyder farm for sale and was going out to see Harry Kauffman in reference to the matter, and that he thought he could sell Kauffman the farm. Shafer said that he had been trying to buy the farm, and asked appellee if he would not wait until he, Shafer, saw Snyder about the matter. Appellee agreed to do so, and on the same day saw appellant and told him what he had done. Appellant thereupon said, "I knew we could fetch him." The next day Shafer went to appellant and purchased the farm for $68 an acre. A day or two later appellee met Shafer and asked him if he had seen appellant. Shafer replied that he had, and that he had purchased the land, provided appellant's brother consented to it. Some two months later appellee called appellant's attention to the matter and requested payment, but appellant refused to pay, saying that he did not think appellee had earned anything. Upon the trial the jury returned a verdict for $100. A motion for a new trial was overruled and judgment given for that amount. Appellant denied the making of the agreement to pay appellee $100 for the sale of the premises in question, but appellee was fully corroborated by two witnesses, who swore that they overheard the conversation between the parties when the agreement was made, while the testimony of appellant denying the conversation stands alone.

Shafer testified that after he had talked with appellee he thought he had better go around and buy the land if he wanted it, and that he did afterward go and close the

trade. Appellant himself testified that he knew appellee, had talked to Shafer about the matter, but did not know that he was going to charge for his services.

It therefore clearly appears from a preponderance of the evidence that appellant agreed to pay appellee $100 if he would make a sale of the farm at $70 an acre, and that appellee's efforts either caused the sale to Shafer or largely contributed to bringing it about. The fact that the land was sold at a less price than $70 an acre is immaterial, as affecting the rights of appellee.

In the case of Hafner v. Herron, 165 Ill. 242, it is said in speaking of commissions claimed by a broker:

" It is sufficient if the sale is effected through the efforts of the broker or through information derived from him. It is also true that where the seller consummates a sale of property upon different terms than those proposed to his agent, the latter will not be thereby deprived of his right to his commissions. * * * Having introduced a sufficient purchaser to the owner, he (the broker) is not to be deprived of his commissions because the owner negotiates the contract himself, or voluntarily reduces the price of the property."

It appeared from the evidence that the land in question had been the property of the deceased father of appellant, and that appellant and a brother were the executors of the father's will. The court upon the trial instructed the jury that it made no difference as to appellee's right to recover " whether the defendant owned the title to the farm in his own name or whether it was owned by his father's estate." It is contended by appellant that this instruction was incorrect, for the reason that appellant had no authority to make the contract claimed, as the land in question was the property of an estate, and the disposition of the same had been provided for by a will authorizing appellant and his co-executor to make a sale thereof. We do not think this objection is well taken. It is true, as stated by appellant, that a contract for the sale of the premises could not have been entered into by appellant without consent of his co-executor, which would have bound them to perfect the sale,

but that does not affect the question of appellee's right to recover in, this case. Appellant, as executor of his father's will, was interested in effecting a sale of the premises. He could, therefore, personally employ another person to assist in making the sale, and thereby render himself personally liable to such person in case the sale was effected through such instrumentality.

We are of opinion the verdict of the jury was sustained by the evidence, and that there was no error in the instruction referred to. The judgment of the court below is therefore affirmed.